# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RP GOLDEN STATE MANAGEMENT, LLC DBA GARDEN SUITES INN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OHIO SECURITY INSURANCE COMPANY; and DOES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00600-DAD-JLT<br><br>**ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE**<br>**(Doc. 34)** |

Once again, the parties have stipulated to amend the case schedule. This time, the reason is because plaintiff's counsel has filed a motion to withdraw. The concern expressed is that this leaves the plaintiff's new counsel inadequate time to select experts. (Doc. 34 at 2) Notably, there is no indication that the plaintiff intends to hire new counsel, despite that it cannot proceed otherwise. The Court has been given no assurances that the plaintiff wishes to proceed in this action. If it does, there is no reason to await the hearing on the motion; rather the plaintiff can simply substitute in its new counsel. Rather, it appears that the plaintiff is using the motion to withdraw as further reason to delay the work needed to prosecute this case. Because there is no guarantee that the Court will grant the anticipated motion to continue the trial, the plaintiff should

1

1 take steps to retain counsel who is willing to take the case as is. Counting on a grant of the motion,
2 would be foolhardy.
3    Also, expressed as a concern in the stipulation, is that witnesses are unwilling to appear at
4 new deposition dates without re-service of subpoenas.  Unless there was some other agreement
5 when counsel released the previously served witnesses from the requirements of the subpoenas,
6 the witnesses are entitled to reservice, and the Court has been provided no explanation why
7 counsel believed it would be otherwise.  Indeed, the entire stipulation is based upon problems
8 created by the parties or based upon unspecific concerns, many of which that may or may not
9 come to fruition; this is insufficient.
10    The Court clearly recalls that it took counsel to task at the mid-discovery status conference
11 for their failure to move this case along.  It appears that since that hearing in late January, the
12 parties have continued to do very little toward rectifying the Court's full-throated concern.  This
13 may have been a tactical reason or simply due to the press of business.  However, until the Court
14 sees actual diligence being exercised toward meeting the deadlines in place, the Court cannot find
15 good cause to grant any further amendments to the case schedule. Consequently, the stipulation is
16 DENIED.

IT IS SO ORDERED.

Dated:   **June 25, 2020**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

2