UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RP GOLDEN STATE MANAGEMENT, LLC, | No. 1:19-cv-00600-DAD-JLT |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING ATTORNEY JESSE JAMES THALER'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF |
| OHIO SECURITY INSURANCE COMPANY, | |
| | (Doc. No. 30) |
| Defendant. | |

This matter is before the court on the motion to withdraw as plaintiff RP Golden State Management LLC's counsel of record filed by attorney Jesse James Thaler on June 16, 2020. (Doc. No. 30.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court took this matter under submission to be decided on the papers. (Doc. No. 32.) For the reasons explained below, the court will grant the motion to withdraw as counsel.

**BACKGROUND**

On March 25, 2019, plaintiff filed a complaint in the Kern County Superior Court alleging that defendant breached a commercial general liability insurance policy covering plaintiff's hotel from loss and damage attributed to wind events and vandalism. (Doc. No. 1-1 at 2–3.) In the complaint, plaintiff asserts claims for breach of contract, breach of the implied covenant of good

1

faith and fair dealing, and bad faith. (*Id.* at 3–5.) On May 2, 2019, defendant answered plaintiff's complaint. (Doc. No. 1-4 at 2.) On May 3, 2019, defendant timely removed this action to this federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

On June 16, 2020, attorney Thaler filed a motion to withdraw as counsel for plaintiff in this action on the grounds that "there has been an irremediable breakdown in communication between [himself] and Plaintiff such that the attorney-client relationship is no longer a viable one." (Doc. No. 30 at 5.) Attorney Thaler provided additional information in a declaration filed with the court under seal. (Doc. No. 33.)

To date, defendant has not filed an opposition or statement of non-opposition to attorney Thaler's pending motion to withdraw as plaintiff's counsel.

**LEGAL STANDARD**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to these factors, withdrawal of counsel is governed by the Local Rules of this court where, as here, withdrawal of counsel would leave the client unrepresented. In this regard, Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of

>the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d). Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id.* Rule 1.16 of the California Rules of Professional Conduct provides several grounds upon which an attorney may seek to withdraw, including when: (i) the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively"; and (ii) "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." Cal. R. Prof. Conduct 1.16(b)(4)–(5). However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

District courts in this circuit recognize that "[i]t is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *CE Resource*, 2009 WL 3367489, at *2 (denying motion to withdraw where corporation would be left unrepresented by counsel); *see Caveman Foods, LLC v. Payne's Caveman Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL 6736801, at *2, *5 (E.D. Cal. Nov. 4, 2015) (same). As the court explained in *Caveman Foods*,

>[b]efore permitting counsel to withdraw, it is also this court's practice to ensure that the client understands and assents to the consequences of being unrepresented by counsel. Where the client is a corporation or unincorporated association, those consequences are dire. While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); E.D. Cal. L.R. 183(a) [("A corporation or other entity may appear only by an attorney.")]. An unrepresented entity is thus subject to the entry of default and default judgment. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007).

*Caveman Foods*, 2015 WL 6736801, *2.  Similarly, in *Arch Ins. Co. v. Sierra Equip. Rental, Inc.*, No. 2:12-cv-00617-KJM-KJN, 2016 WL 829208, at *2 (E.D. Cal. Apr. 15, 2016), the court denied counsel's motion to withdraw because counsel had not taken reasonable steps to avoid prejudice to his corporate client, since his withdrawal would place his client "in immediate violation of the local rules as it would no longer have counsel to represent it" and "[a]s an unrepresented corporation, [his client] could not file any pleadings, make or oppose any motions, or present any evidence, and would thus be subject to the entry of default and default judgment."

**ANALYSIS**

Here, attorney Thaler moves to withdraw as counsel for plaintiff—a limited liability company—on several grounds.  (Doc. No. 30 at 5.)  Attorney Thaler asserts "that there is good cause for [his] withdrawal under Rule 3-700(C)(1)(d) [of the California Rules of Professional Conduct], in that there has been an irremediable breakdown in communication between [himself] and Plaintiff such that the attorney-client relationship is no longer a viable one." (*Id.*)  Attorney Thaler also declares that he "believe[s] in good faith that there are additional grounds, under Rule 3-700(B)(1), Rule 3-700(C)(1)(a), and Rule 3-700(C)(6) and other subsections, for the Court to grant the requested order" and because he is "mindful of [his] duties of confidentiality," he submitted a declaration under seal providing more detail for the court's consideration.  (*Id.*; Doc. No. 33.)

In addition, attorney Thaler declares that he informed plaintiff of his intent to withdraw by emailing plaintiff at the email address that they regularly used for their communications.  (*Id.*)  Attorney Thaler's declaration provides that email address for plaintiff, as well as plaintiff's current mailing address.  Accordingly, the court finds that attorney Thaler has complied with the notice requirements in Local Rule 182(d).  The court now turns to evaluate whether attorney Thaler has made a sufficient showing to warrant its withdrawal as plaintiff's counsel in this action.

First, as to the reasons for withdrawal, the court finds that in his sealed declaration, attorney Thaler has described sufficient grounds for withdrawal consistent with the California Rules of Professional Conduct.  (Doc. No. 33.)

4

       Second, as to prejudice, the court notes that defendant has not opposed the pending motion, or otherwise asserted that it will suffer any prejudice from the court's granting of the pending motion.  Moreover, attorney Thaler declares that he communicated with defendant's counsel, who advised him that if the court grants his motion, defendant would not oppose a request for a continuance of the trial date if plaintiff were to seek one. (Doc. No. 30 at 5.)  The court is persuaded that there would be no prejudice to defendant by attorney Thaler's withdrawal.  In addition, attorney Thaler declared that he took "reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights, including giving [it] due notice, allowing time for employment of other counsel, and complying with applicable laws and rules."  (Doc. No. 30 at 5.)

       Third, as to harm that attorney Thaler's withdrawal might cause to the administration of justice, the court notes that plaintiff has not demonstrated any intention to continue prosecuting this action.  On June 25, 2020, the assigned magistrate judge in this action issued an order rejecting a stipulation to amend the case schedule, noting that "there is no indication that the plaintiff intends to hire new counsel, despite that it cannot proceed otherwise" and that the court "has been given no assurances that the plaintiff wishes to proceed in this action." (Doc. No. 35 at 1.)  The magistrate judge further noted that if plaintiff truly wished to proceed, "plaintiff can simply substitute in its new counsel." (*Id.*)  Accordingly, in the undersigned's view, consideration of the administration of justice factor weighs in favor of granting attorney Thaler's motion to withdrawal.

       Fourth, as to delay, for similar reasons the court finds that granting attorney Thaler's motion will actually put an end to any delay in proceeding with this action—if in fact plaintiff wishes to so proceed—rather than delay this action further.  Moreover, the court acknowledges that any efforts by attorney Thaler to continue representing plaintiff in this action are futile given his reasons for withdrawal.

       Accordingly, the court finds that consideration of the factors weighs in favor of granting attorney Thaler's motion to withdraw, and the court will grant the pending motion.

       The court will also provide plaintiff with fourteen (14) days from the date of service of this order to obtain new counsel, if plaintiff wishes to continue prosecuting this case.  Plaintiff's

new counsel shall file a notice of appearance within fourteen (14) days from the date of service of this order. Plaintiff is warned that failure to comply with this order will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order.

## CONCLUSION

For the forgoing reasons:

1. Plaintiff's counsel's motion to withdraw (Doc. No. 30) is granted;

2. The Clerk of the Court is directed to terminate Attorney Jesse James Thaler as the counsel of record for plaintiff, after docketing this order;

3. Attorney Thaler is directed to serve plaintiff with a copy of this order, both by email and mail, and to file proof of service with the court within seven (7) days of service;

4. Attorney Thaler shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees; and

5. Plaintiff has fourteen (14) days from the date of service of this order to obtain new counsel, if plaintiff wishes to continue prosecuting this action. Plaintiff's new counsel shall file a notice of appearance in this action within fourteen (14) days from the date of this order. A failure to comply with this order may result in the dismissal of this action due to plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated: __August 24, 2020__        _Dale A. Drozd_
                                  UNITED STATES DISTRICT JUDGE