**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RP GOLDEN STATE MANAGEMENT, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OHIO SECURITY INSURANCE COMPANY,<br>　　　　Defendant. | Case No.: 1:19-cv-00600-DAD-JLT<br><br>ORDER GRANTING UNOPPOSED MOTION TO COMPEL DEPOSITIONS<br><br>(Doc. 44) |

  This lawsuit arises from the handling of two insurance claims submitted by Plaintiff RP Golden State Management, LLC to Defendant Ohio Security Insurance Company under its commercial property insurance policy. The primary loss involves alleged wind damage to the roof and resulting water leaks at Plaintiff's hotel located in Bakersfield, California, and the other claim involves alleged vandalism, purportedly caused by a long-term hotel tenant. Defendant reports that Asha Desai and Paul Desai – both of whom are officers, directors, or managing agents of Plaintiff, with testimony critical to this lawsuit – refuse to communicate with Plaintiff's counsel[1]. Asha Desai failed to appear for her properly-noticed deposition on August 11, 2020, and Paul Desai, as the entity's deponent and in his individual capacity, also failed to appear for both of his properly-noticed depositions on August 19 and 25, 2020.

---

[1] Plaintiff's counsel in this order refers to Plaintiff's previous counsel, Jesse Thaler. On August 24, 2020, the Court granted Mr. Thaler's motion to withdraw as attorney. (Docs. 30, 53.)

1

On August 13, 2020, Defendant filed an unopposed motion to compel depositions of Plaintiff's party witnesses. (Doc. 44.) Defendant seeks the Court to (1) compel depositions of Plaintiff's party witnesses to take place prior to the fact discovery cut off; or in the alternative, (2) compel these depositions by a date certain after the cut off. For the reasons set forth below, Defendant's unopposed motion to compel is **GRANTED**.

**I.     Background and Allegations**

This lawsuit arises from the handling of two insurance claims submitted by Plaintiff to Defendant under its commercial property insurance policy. (Doc. 45 at 2.) The primary loss involves alleged wind damage to the roof and resulting water leaks at Plaintiff's hotel located in Bakersfield, California. (Id.) The other claim involves alleged vandalism, purportedly caused by a long-term hotel tenant. (Id.) Defendant never denied coverage for these claims prior to suit being filed. (Id.) Nonetheless, Plaintiff filed the instant complaint asserting causes of action for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) bad faith against Defendant, seeking damages in the 7-figure range. (Id.; see Doc. 1.) Accordingly, Defendant has continued to investigate whether Plaintiff has presented a viable claim for a covered loss through discovery in this litigation. (Doc. 46, Safford Decl., ¶ 3.)

Asha Desai is Plaintiff's majority owner and "Manager, Owner, and President." (Safford Decl., ¶ 2.) In addition, Paul Desai is a minority owner and manages the operations of Plaintiff. He was primarily responsible for the at-issue renovation of the property and was identified as Plaintiff's PMQ. (Id.) Defendant asserts that the Desais' testimony is crucial to this litigation, which is based on their submission of insurance claims on behalf of Plaintiff. (Doc. 45 at 3.) According to Defendant, they are the only witnesses who have knowledge of the nature and basis of their claims for damages, as well as the state of the property prior to and after the alleged wind or vandalism incidents. (Id.) Defendant reports that no other witnesses have been identified by Plaintiff as having personal knowledge of most of the facts at issue in the case. (Id.) Instead, virtually all of the pertinent emails in the case involve Paul Desai, with a smaller subset also including Asha Desai. (Id.) For example, Paul Desai first reported a wind claim to a prior insurer, and several months later (after paying a roofing company to foam over the roof) reported the claim to Defendant. (Id.) Asha signed a franchise agreement with

Radisson to convert their hotel to a Country Inn and Suites, and also signed off on an agreement to substantially renovate the entire hotel prior to re-opening as a Country Inn and Suites. (Id.) Plaintiff claims that delays due to alleged wind or vandalism caused their re-opening of the hotel to be significantly delayed and increased their costs. (Id.) Meanwhile, the Desais were involved in a lengthy process to obtain financing for the renovations, and the Desais were also intimately involved in managing the renovation process which was delayed for a myriad of reasons having nothing to do with wind or vandalism. (Safford Decl., at ¶ 4.)

The depositions of Asha Desai and Paul Desai (in his individual capacity and as PMQ) were initially coordinated through Plaintiff's counsel, and were originally noticed for March 30 and 31 and April 1, 2020. (Safford Decl., at ¶ 5 and Exhibits "A," "B," and "C".) Due to State and County stay-at-home orders resulting from the outbreak of COVID-19, their depositions were postponed. (Id. at ¶ 6.)

In early July 2020, counsel for Defendant met and conferred with Plaintiff's counsel in a renewed effort to obtain the Desais' availability for depositions. It was shortly thereafter that Plaintiff's counsel advised that neither Asha Desai nor Paul Desai had responded to his efforts to communicate with them regarding this lawsuit. (Safford Decl., ¶ 7.) On June 16, 2020, Plaintiff's counsel filed a motion to withdraw, and the Court granted the motion on August 24, 2020. (Docs. 30, 53.) Based upon conversations with Plaintiff's counsel, counsel for Defendant understands that, since the filing of the motion to withdraw, the Desais have not communicated with Plaintiff's counsel. (Safford Decl., at ¶ 9.) Plaintiff's counsel also submitted a declaration stating that, "[s]ince the filing of the motion to withdraw, [he has] had limited communication with Agents for Plaintiff. In addition, Agents for Plaintiff have ceased cooperation with [him] in participation in written discovery (i.e. providing documents, information, and verifications) and the scheduling of depositions in this matter." (Doc. 49, Thaler Decl., ¶ 3.)

Because Plaintiff's counsel was unable to confirm the Desais' availability for deposition, Defendant selected new dates and re-noticed their depositions: the deposition of Asha Desai was noticed for August 11, 2020; the deposition of Paul Desai (as Plaintiff's PMQ) was noticed for August 19, 2020; and the deposition of Paul Desai (in his individual capacity) was noticed for August 25, 2020. (Id. at ¶ 10, and Exhibits "D," "E," and "F".) Plaintiff neither objected nor moved for a

protective order regarding these depositions. (Id. at ¶ 11.)

In the days leading up to the deposition of Asha Desai, Plaintiff's counsel confirmed, yet again, that the Desais had not responded to his efforts to communicate with them. (Safford Decl., ¶ 12.) On August 11, 2020, Asha Desai failed to appear for her properly-noticed deposition. An Affidavit of Non-Appearance was taken, and Plaintiff's counsel confirmed, on the record, that he had not received any communications from Asha Desai and Paul Desai since the filing of his motion to withdraw as counsel (which occurred on June 16, 2020). (Id. at ¶ 13, and Exhibit "G".)

As set forth above, the depositions of Paul Desai, as the entity's designee and in his individual capacity, were set for August 19 and 25, 2020. (Safford Decl., ¶ 10, and Exhibits "E" and "F".) Paul Desai failed to appear for both of his properly-noticed depositions, and an Affidavit of Non-Appearance was taken on both August 19 and 25, 2020. (Doc. 55, Safford Decl. Suppl., ¶ 3.)

Defendant notified Plaintiff's counsel of its intent to file this motion, and Plaintiff's counsel indicated that he would not oppose the motion. (Safford Decl., ¶ 15.)

## II. Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevant evidence is defined as evidence having "any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

### A. Request to Compel Testimony

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, "[a] party may, by oral questions,

depose any person, including a party, without leave of court" by serving proper notice. If "a deponent fails to answer a question asked under Rule 30 or 31," the propounding party may make a motion to compel an answer. Fed. R. Civ. P. 37(a)(3)(B)(i). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The Court is authorized to issue sanctions for a party's failure to appear for a deposition under Rule 37(d), which provides in relevant part: if "a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . [s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Such orders include striking pleadings, dismissing the action, or other "just orders." Fed. R. Civ. P. 37(b)(2)(A).

### B.   Subpoenas for Deposition

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may be issued requiring a nonparty to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). In addition, any party may serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things . . ." Fed. R. Civ. P. 45(a)(1)(C). Subpoenas are subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which are "nonprivileged [and] . . . relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Once a nonparty has been properly served with a Rule 45 subpoena, the nonparty "may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." In re Plise, 506 B.R. 870, 878 (2014) (citation omitted). If a nonparty serves a written objection to the subpoena, the party seeking the deposition must obtain a court order that directs the nonparty to comply with the subpoena. Id. (citations omitted). Even if a nonparty does not serve a written objection or move to quash, "the more prudent practice for the court is to issue such an order before entertaining a motion for contempt." United States Sec. Exch. Comm'n. v. Hyatt, 621 F.3d 687, 694 (7th Cir. 2010) (citation omitted).

### III. Discussion and Analysis

Defendant asserts that it properly noticed the depositions of Asha Desai and Paul Desai, individually, and as a PMQ pursuant to Rule 30(b)(6). Defendant requests this Court to compel Asha Desai and Paul Desai to appear for deposition before the fact discovery cut off of September 4, 2020, or alternatively, compel these depositions by a date certain after the fact discovery cut-off.

As established above, Defendant provided proper, written notice of its intent to depose Asha Desai and Paul Desai. (Safford Decl., ¶ 10, and Exhibits "D," "E," and "F".) According to Defendant, the Desais' testimony is crucial to every claim and defense presented in this lawsuit. (Id. at ¶¶ 2-4.) Defendant reports that the Desais are the only witnesses who have knowledge of the nature and basis of their claims for damages, as well as the state of the property prior to and after the alleged wind or vandalism incidents. (Doc. 45 at 3.) Further, Plaintiff neither objected nor moved for a protective order regarding these depositions. (Id. at ¶ 11.) The Court finds that the depositions of the Asha Desai and Paul Desai would provide relevant evidence, as set forth by the Federal Rules of Civil Procedure and Evidence.

Although the Desais' depositions (and several other third party depositions) were originally scheduled to proceed in March, they had to be delayed due to stay-at-home orders which were issued for the first time, state-wide, on March 17, 2020. (See Safford Decl., ¶¶ 5-6.) Defendant indicates that most of the third-party depositions which were put off in March 2020 have now been completed. (Doc. 45 at 6.) However, on June 21, 2020, Plaintiff's counsel filed a motion to withdraw, and since that time Defendant has attempted to work with Plaintiff's counsel to take the Desais' depositions, but the Desais have been non-responsive. (Id.)

On August 11, 2020, Asha Desai failed to appear for her properly-noticed deposition. (Safford Decl., ¶ 13, and Exhibit "G".) Paul Desai also failed to appear for both of his properly-noticed depositions on August 19 and 25, 2020. (Safford Decl. Suppl., ¶ 3.) At the time of Asha Desai's scheduled deposition, Plaintiff's counsel confirmed on the record that, since the filing of his motion to withdraw as counsel (on June 16, 2020), the Desais have not communicated with him. (Safford Decl., ¶ 13, and Exhibit "G".) Plaintiff's counsel also submitted a declaration stating that since the filing of the motion to withdraw, he has had limited communication with the Desais, and they have ceased

cooperation with him in participation in written discovery and the scheduling of depositions in this matter. (Doc. 49, Thaler Decl., ¶ 3.)

Given the lack of communication and lack of cooperation, and the fact that both Asha Desai and Paul Desai have failed to appear for their properly-noticed depositions, Defendant's request to compel Asha Desai and Paul Desai to appear and testify at a deposition is **GRANTED**.

**IV.    Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Defendant's motion to compel (Doc. 44) is **GRANTED**;
2. Asha Desai **SHALL** appear and testify at a deposition conducted via videoconference on September 9, 2020 at 9 a.m. or other date convenient to the defense, provided that the deposition is completed no later than September 25, 2020;
3. Paul Desai **SHALL** appear and testify in his individual capacity at a deposition conducted via videoconference on September 10, 2020 at 9 a.m. and in his capacity as the representative of the entity on September 11 at 9 a.m. or other dates convenient to the defense, provided that the depositions are completed no later than September 25, 2020
4. Within three days, Defendant **SHALL** serve Asha Desai and Paul Desai via overnight mail a copy of:
   a. this order;
   b. a deposition subpoena requiring the deposition testimony on the date and time set forth above;
   c. the necessary details for joining the deposition videoconference.

IT IS SO ORDERED.

Dated:   **August 28, 2020**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE

7