**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RP GOLDEN STATE MANAGEMENT, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OHIO SECURITY INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No.: 1:19-cv-00600-DAD-JLT<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND GRANTING MOTION FOR EXTENSION OF TIME TO ENGAGE COUNSEL<br><br>(Doc. 71) |

On August 24, 2020, the Court entered an order granting Jesse Thaler's motion to withdraw as counsel for plaintiff. (Doc. 53.) The Court provided plaintiff fourteen days from the date of service of that order to obtain new counsel. (Id. at 5-6.) Mr. Desai, on behalf of the plaintiff, requested additional time to retain an attorney, which the Court granted. (Docs. 64, 65.) On November 30, 2020, Mr. Desai, on behalf of the plaintiff, requested appointment of counsel for RP Golden State Management, LLC or an extension of time to locate and engage an attorney. (Doc. 71.)

Local Rule 183(a) provides that "[a] corporation or other entity may appear only by an attorney." *Accord McGowan v. Boek*, 402 F. App'x 287, 288 (9th Cir. 2010) (affirming dismissal of case because corporate plaintiff was not represented by counsel) (collecting cases); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law.") (collecting cases). RP Golden State Management, LLC is a limited liability company. Accordingly, they may not appear in this action unless they retain appropriate counsel.

1

The plaintiff is "further advised that there is no authority allowing this court to appoint counsel for a corporation in a civil matter." *TI Bev. Grp. Ltd. v. S.C. Cramele Recess SA*, No. LA CV 06-07793-VBF, 2014 U.S. Dist. LEXIS 64740, at *31 (C.D. Cal. Apr. 1, 2014) (citing *WB Music Corp. v. Port City Cruise Line, Inc.*, No. 1:09-cv-742, 2009 U.S. Dist. LEXIS 86891, at *7 (W.D. Mich. Sep. 22, 2009)); *Specialty Vehicle Acquisition Corp. v. American Sunroof Corp.*, 2008 WL 344546, *2 (E.D. Mich. Feb. 7, 2008) ("There is no provision in a statute, the Federal Rules of Civil Procedure, or the Local Rules allowing this Court to appoint counsel for a corporation in a civil matter. Nor is there any source of funding available to pay an attorney to represent a corporation in a civil matter."); *accord Zamzam v. IRS*, 24 F. App'x 206 (4th Cir. 2002) (per curiam) (denying motion to appoint counsel for corporation on appeal because only natural persons can qualify for *in forma pauperis* status). Accordingly, the request for appointment of counsel is DENIED.

However, the request for additional time to retain an attorney is GRANTED. Counsel for the corporation SHALL file a notice of appearance no later than December 18, 2020. **The failure of the plaintiff to appear through an attorney will result in a recommendation that the action be dismissed.**

IT IS SO ORDERED.

Dated:   **December 3, 2020**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE