UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RP GOLDEN STATE MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OHIO SECURITY INSURANCE COMPANY,<br><br>Defendant. | No. 1:19-cv-00600-DAD-JLT<br><br>ORDER DENYING DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL OF THIS ACTION UNDER RULE 41(b) AND REFFERING DEFENDANTS MOTION FOR SANCTIONS UNDER RULE 37 TO THE ASSIGNED MAGISTRATE JUDGE<br><br>(Doc. No. 58) |

This matter is before the court on the motion for involuntary dismissal and for terminating and/or monetary sanctions filed on behalf of defendant Ohio Security Insurance Company ("Ohio Security" or "defendant") on September 18, 2020. (Doc. No. 58.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendant's motion was taken under submission on the papers. (Doc. No. 62.) For the reasons explained below, the court will deny the pending motion to the extent defendant seeks involuntary dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As to defendant's request for terminating and/or monetary sanctions under Rule 37 based on plaintiff's alleged repeated violations of the rules governing discovery and its failure to comply with the court's discovery orders, the undersigned will refer defendant's motion to United States Magistrate Judge Jennifer L. Thurston, consistent with Local Rule 302(c), for resolution.

**BACKGROUND**

On March 25, 2019, plaintiff RP Golden State Management LLC, dba Garden Suites Inn ("RP Golden" or "plaintiff") filed this action against defendant in the Kern County Superior Court alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith, related to a commercial general liability insurance policy that plaintiff had purchased from defendant to cover a hotel that plaintiff owned and operated. (Doc. No. 1-1 at 2–5.) Defendant removed this action to this federal court on May 3, 2019. (Doc. No. 1.)

In early June 2019, the parties sought and received a 90-day stay of the proceedings in this case so they could explore the possibility of informal settlement, which efforts were ultimately unsuccessful. (Doc. Nos. 7, 8.) A year later, following several stipulations to continue the formal settlement conference that the court had scheduled, and after having already twice amended the scheduling order at the parties' request, the court denied the parties' request to amend the scheduling order for a third time. (*See* Doc. No. 29.)

On June 16, 2020, plaintiff's then-counsel filed a motion to withdraw as attorney for plaintiff in this action based on the representation that there had "been an irremediable breakdown in communication between [himself] and plaintiff" and for additional reasons that were disclosed to the court in a declaration filed by counsel under seal. (Doc. Nos. 30, 33.) On August 24, 2020, the court granted that motion to withdraw and provided plaintiff fourteen (14) days from the date of that order to obtain new counsel because, unlike individuals who "may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability." (Doc. No. 53 at 3–4) (citing *Caveman Foods, LLC v. Payne's Caveman Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993))).[1] Plaintiff was warned in that order

---

[1] While that motion to withdraw as attorney of record was pending before the court, defendant had filed two motions to compel the depositions of certain witnesses, both of which were granted. (Doc. Nos. 37, 44, 52, 57.) Because this order only addresses the pending motion to the extent it seeks involuntary dismissal under Rule 41(b), the court will not provide further background as to the parties' discovery disputes or those motions to compel in this order.

1    "that failure to comply with this order will result in the dismissal of this action for failure to
2    prosecute and failure to comply with the court's order." (Doc. No. 53 at 6.) Nevertheless, the
3    September 8, 2020 deadline for plaintiff to obtain new counsel and for that counsel to file a notice
4    of appearance passed, and neither a notice of appearance by new counsel nor a request for an
5    extension of time in which to comply with the court's order were filed by plaintiff.

6         On September 18, 2020, defendant filed the pending motion for involuntary dismissal of
7    this action pursuant to Rule 41(b) and for terminating and/or monetary sanctions pursuant to Rule
8    37. (Doc. No. 58.) In its supporting memorandum, defendant argues that involuntary dismissal is
9    warranted in light of plaintiff's failure to obtain counsel in compliance with the court's August
10   24, 2020 order and that the requested Rule 37 sanctions are warranted because "RP Golden,
11   through its managing agents, has failed to comply with the rules of discovery, has willfully
12   violated this Court's discovery orders, and has irreparably thwarted Ohio Security's ability to
13   conduct critical discovery and prepare for trial." (Doc. No. 59 at 2.) Plaintiff did not timely file
14   an opposition to the pending motion.

15        On September 21, 2020, plaintiff filed a request for an extension of time in which to
16   obtain new counsel. (Doc. No. 64.) The court granted plaintiff's request, set a new deadline of
17   November 23, 2020 for plaintiff to obtain counsel, and warned that "[t]he failure of the plaintiff
18   to appear through an attorney will result in a recommendation that the action be dismissed."
19   (Doc. No. 65.)

20        On October 13, 2020, defendant filed a reply in support of the pending motion,
21   acknowledging that the court had given plaintiff additional time to retain counsel but nevertheless
22   arguing that involuntary dismissal and imposition of sanctions remained appropriate in light of
23   plaintiff's repeated failures to obey court orders. (Doc. No. 68.)

24        On October 23, 2020, plaintiff filed a response to the pending motion, in which Mr. Pravin
25   (Paul) Desai, the Manager/Owner and agent of RP Golden, appeared to contend that he can
26   represent "himself" *pro se*, on behalf of RP Golden, and that in any event he was continuing to try
27   to obtain counsel for RP Golden and would do so by the November 23, 2020 deadline. (Doc. No.
28   69 at 2, 4.) However, that deadline passed without the filing of a notice of appearance by new

counsel on behalf of plaintiff. Thus, on November 25, 2020, defendant filed a supplemental reply in support of its pending motion, arguing that "[i]n short, RP Golden has been afforded with a generous amount of time to obtain a new attorney, but has not done so" and "[a]dditional time is unwarranted." (Doc. No. 70.)

On November 30, 2020, plaintiff filed a second motion for an extension of time in which to obtain counsel and a request for the court to appoint counsel to represent plaintiff. (Doc. No. 71.) On December 3, 2020, the court denied plaintiff's request for the appointment of counsel but granted plaintiff a further extension of time in which to obtain counsel, setting a deadline of December 18, 2020 and again warning that plaintiff's failure to appear in this action through an attorney will result in a recommendation by the magistrate judge that this action be dismissed. (Doc. No. 72.)

Because plaintiff failed to obtain counsel by that deadline, on December 21, 2020, the court issued an order to plaintiff to show cause why this action should not be dismissed due to its failure to comply with the court's orders. (Doc. No. 73.) On January 8, 2021, plaintiff filed a response to the court's order in which Mr. Desai explained that his search for an attorney to represent RP Golden is on-going, and to demonstrate his efforts in this regard, he provided copies of his correspondences with various lawyers whom he had contacted to represent RP Golden in this litigation. (Doc. No. 75.) Therein, plaintiff also requested a third extension of time in which to obtain counsel. (*Id.*) In light of plaintiff's "diligent attempt to retain counsel," the court discharged the order to show cause and set a new deadline of March 1, 2021 for plaintiff to obtain counsel. (Doc. No. 76.)

On February 11, 2021, plaintiff filed a fourth request for an extension of time in which to obtain counsel, this time based upon a medical emergency and hospitalization of Mr. Desai. (Doc. No. 77.) On February 17, 2021, the court granted plaintiff's request and set a deadline of April 19, 2021, warning that "[t]he Court will not again extend this deadline." (Doc. No. 78 at 2.)

Despite this warning, on February 19, 2021, plaintiff filed yet another (fifth) request for an extension of time to obtain counsel, explaining that many attorneys had declined to represent RP Golden at that time due to the COVID-19 pandemic and requesting that the court appoint counsel

for plaintiff in this action.  (Doc. No. 79.)  On April 5, 2021, the court denied plaintiff's request for the appointment of counsel but granted plaintiff's request for a further extension of time, setting a deadline of April 30, 2021 for plaintiff to obtain counsel.  (Doc. No. 80.)

In short, in the more than six months that defendant's motion has been pending, plaintiff requested and received several extensions of time in which to obtain new counsel.  Finally, on April 13, 2021, attorney Ryan C. Wright filed a notice of appearance as counsel of record for RP Golden in this action.  (Doc. No. 83.)

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

"District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–630 (1961)).  "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances."  (*Id.*) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Henderson*, 779 F.2d at 1423.

In evaluating a Rule 41(b) motion, courts "must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants[]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors." *Id.* at 1261 (citing *Henderson*, 779 F.2d at 1424). "Dismissal (or another terminating sanction is proper where at least four of the five factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 251 (N.D. Cal. 2003) (citing *Yourish v.*

5

1    *Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

2    "[T]he Ninth Circuit has stated that for case-dispositive sanctions based on discovery
3    violations, the key is whether the discovery violation 'threaten[s] to interfere with the rightful
4    decision of the case.'"  *Gonzalez v. Jones*, No. 2:15-cv-2448-TLN-KJN, 2021 WL 307564, at *5
5    (E.D. Cal. Jan. 29, 2021), *report and recommendation adopted*, 2021 WL 1060234 (E.D. Cal.
6    Mar. 18, 2021) (citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091,
7    1097 (9th Cir. 2007) ("The most critical factor to be considered in case-dispositive sanctions is
8    whether a party's discovery violations make it impossible for a court to be confident that the
9    parties will ever have access to the true facts.")).

10                                              **DISCUSSION**

11        In moving for dismissal defendant does not address the factors outlined above that courts
12    must weigh when considering whether to dismiss an action pursuant to Rule 41(b).  Rather,
13    defendant emphasizes that the repeated failure and refusal of RP Golden's managing agents
14    (notably, Mr. Desai and his wife, Asha Desai) to appear for their properly noticed depositions,
15    even after the court compelled their appearance by video conference in light of the COVID-19
16    pandemic, has "unquestionably prevented Ohio Security from discovering the basis of RP
17    Golden's claims, including the basis for any purported damages, and have prevented Ohio
18    Security form obtaining essential discovery needed to prepare for trial."  (Doc. No. 59 at 8.)
19    Defendant also argues that plaintiff "had no valid excuse for its failure to retain counsel" (*id.* at
20    9), and that terminating and/or monetary sanctions remain appropriate regardless of whether RP
21    Golden obtains counsel "because RP Golden's principals, Asha Desai and Paul Desai (both
22    individually and as RP Golden's Person Most Qualified), failed to appear for deposition, even
23    when they were represented by counsel, and then again failed to appear at their [court-]ordered
24    depositions on September 9, 10, and 11, 2020."  (Doc. No. 68 at 3.)

25        The court is sympathetic to defendant's understandable frustrations with regard to the
26    extended length of time it has taken plaintiff to obtain counsel in this action following the
27    withdrawal of its prior counsel in August 2020.  However, the court notes that with one exception
28    in which an order to show cause was issued, plaintiff has been diligent in both its efforts to obtain

counsel and its submission of requests to the court for additional time in which to do so. Although plaintiff's successive requests for extensions of time to obtain new counsel and the court's granting of those requests have necessarily delayed the progress of this litigation, the court does not agree that such a delay warrants dismissal of this action under Rule 41(b) for failure to prosecute or obey court orders.

To the extent that defendant seeks dismissal of this action under Rule 41(b) due to plaintiff's violation of the discovery rules and refusal to comply with the court's discovery orders, namely by failing to appear for properly noticed and court-compelled depositions, defendant has not persuaded the court that dismissal under Rule 41(b) is an appropriate sanction for those purported violations. In the court's view, consideration of the first factor (the public's interest in expeditious resolution of litigation) and the second factor (the court's need to manage its docket) do not weigh in favor of dismissal given that plaintiff has been without representation since August 2020, and since then, the court has granted plaintiff's successive requests for additional time to retain counsel, and indeed new counsel for plaintiff has finally appeared in this action on April 13, 2021. As to the third factor (risk of prejudice to defendant), the court is not persuaded that plaintiff's prior failures to appear for their depositions necessarily means that they will thwart renewed efforts in that regard, particularly given that plaintiff is now represented by counsel. Although defendant argues that even before plaintiff's former counsel withdrew, plaintiff's agents had failed to appear for their depositions in early and mid-August 2020, the court notes that during that time period, the relationship between plaintiff and its then-counsel had already deteriorated to the point where there was represented to be an "irremediable breakdown in communication." (*See* Doc. No. 53 at 4.) Thus, it is not clear that under the guidance of its new counsel, plaintiff would continue to violate discovery rules and the court's discovery orders such that interference with accessing the truth would result. As to consideration of the fourth factor (the availability of less drastic alternatives), the court notes that defendant has sought lesser

/////

/////

/////

sanctions under Rule 37 as an alternative to dismissal under Rule 41(b).[2] Thus, defendant does not argue that less drastic alternatives are not available to address plaintiff's conduct. Finally, consideration of the fifth factor (public policy favoring disposition of cases on their merits) weighs against involuntary dismissal of this action.

In sum, the court concludes that the harsh sanction of dismissal of this action under Rule 41(b), due to plaintiff's failure to obtain counsel by the initial deadline set by the court and purported violations of the discovery rules and discovery-related orders, is not appropriate. This conclusion is based on the legal standards applicable under Rule 41(b). This order should not be construed as a determination by the court that imposition of terminating and/or monetary sanctions under Rule 37 are inappropriate in this case or construed as precluding a finding by the magistrate judge that any such sanctions under Rule 37 are appropriate here. Defendant's arguments with regard to Rule 37 sanctions will be evaluated and addressed by the magistrate judge in a separate order.

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion for involuntary dismissal of this action pursuant to Rule 41(b) (Doc. No. 58) is denied;
2. Defendant's motion for sanctions pursuant to Rule 37 (Doc. No. 58) is hereby referred to United States Magistrate Judge Jennifer L. Thurston, consistent with Local Rule 302(c), for resolution.

IT IS SO ORDERED.

Dated:   **June 16, 2021**

UNITED STATES DISTRICT JUDGE

---

[2] As noted above, the assigned magistrate judge will evaluate defendant's motion with regard to defendant's request for sanctions under Rule 37, consistent with Local Rule 302(c)(1), which provides that "[a]ll discovery motions, including Fed. R. Civ. P. 37 motions," will be handled by the assigned magistrate judge. L.R. 302(c)(1).

8