UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RP GOLDEN STATE MANAGEMENT, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>OHIO SECURITY INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 1:19-cv-00600-DAD-JLT<br><br>ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 37<br><br>(Doc. No. 58) |

This matter is before the Court on the motion for involuntary dismissal and for terminating and/or monetary sanctions filed on behalf of defendant Ohio Security Insurance Company on September 18, 2020. (Doc. No. 58.) The Court denied the pending motion to the extent defendant seeks involuntary dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 84.) As to defendant's request for terminating and/or monetary sanctions under Rule 37 based on plaintiff's alleged repeated violations of the rules governing discovery and its failure to comply with the Court's discovery orders, the Court referred defendant's motion to United States Magistrate Judge Jennifer L. Thurston, consistent with Local Rule 302(c), for resolution. As set forth below, the Court **GRANTS** defendant's motion for sanctions.

1

# I. Background[1]

On March 25, 2019, plaintiff RP Golden State Management LLC, dba Garden Suites Inn filed this action against defendant in the Kern County Superior Court alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith, related to a commercial general liability insurance policy that plaintiff had purchased from defendant to cover a hotel that plaintiff owned and operated. (Doc. No. 1-1 at 2-5.) Defendant removed this action to this federal court on May 3, 2019. (Doc. No. 1.)

In early June 2019, the parties sought and received a 90-day stay of the proceedings so they could explore the possibility of informal settlement, which efforts were ultimately unsuccessful. (Doc. Nos. 7, 8.) A year later, following several stipulations to continue the formal settlement conference, and after having already twice amended the scheduling order at the parties' request, the Court denied the parties' request to amend the scheduling order a third time. (See Doc. No. 29.)

Before plaintiff's then-counsel's withdrawal, the depositions for Paul and Asha Desai, RP Golden's managing agents, were properly noticed. (Doc. No. 59 at 2.) Yet, they failed to appear for their depositions on August 11 (Asha Desai), 19 (Paul Desai, as Person Most Qualified (PMQ)), and 25 (Paul Desai, individually), even though their counsel, Mr. Thaler, appeared for the August 11 and 19 depositions before his motion to withdraw was granted. (Id. at 2, 5.) On August 28, 2020, the Court granted defendant's unopposed motion to compel depositions of plaintiff's party witnesses, ordering Asha Desai and Paul Desai to appear and testify at a deposition conducted via videoconference to be completed no later than September 25, 2020. (Doc. Nos. 44, 57.) Specifically, Asha Desai was ordered to appear for deposition on September 9, 2020; Paul Desai was ordered to appear for deposition in his individual capacity on September 10, 2020, and as plaintiff's PMQ on September 11, 2020. (Doc. No. 57 at 7.) However, the Desais failed again to appear for these depositions, despite Paul Desai emailing defendant's counsel on September 8, 2020 concerning the depositions – further confirming that RP Golden and the Desais were aware of the depositions but willfully choosing not to appear for them.

---

[1] The background is as set forth in the Court's order addressing the involuntary dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Doc. No. 84), including additional background regarding the parties' discovery disputes and the motion to compel.

2

(Doc. No. 59 at 2-3.)

On June 16, 2020, plaintiff's then-counsel filed a motion to withdraw as attorney for plaintiff on the representation that there had "been an irremediable breakdown in communication between [himself] and plaintiff" and for additional reasons that were disclosed to the Court in a declaration filed by counsel under seal. (Doc. Nos. 30, 33.) On August 24, 2020, the Court granted the motion to withdraw and provided plaintiff fourteen days from the date of that order to obtain new counsel because, unlike individuals who "may appear in propria persona, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any motions, or present any evidence to contest liability." (Doc. No. 53 at 3-4) (citing *Caveman Foods, LLC v. Payne's Caveman Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993))). The Court warned Plaintiff "that failure to comply with this order will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order." (Doc. No. 53 at 6.) Nevertheless, the September 8, 2020 deadline for plaintiff to obtain new counsel passed, and neither a notice of appearance by new counsel nor a request for an extension of time in which to comply with the Court's order were filed by plaintiff.

On September 18, 2020, defendant filed a motion for involuntary dismissal of this action pursuant to Rule 41(b) and for terminating and/or monetary sanctions pursuant to Rule 37. (Doc. No. 58.) In its supporting memorandum, defendant argues that involuntary dismissal is warranted in light of plaintiff's failure to obtain counsel in compliance with the Court's August 24, 2020 order and that the requested Rule 37 sanctions are warranted because "RP Golden, through its managing agents, has failed to comply with the rules of discovery, has willfully violated this Court's discovery orders, and has irreparably thwarted Ohio Security's ability to conduct critical discovery and prepare for trial." (Doc. No. 59 at 2.) Plaintiff did not timely file an opposition to the pending motion.

On September 21, 2020, plaintiff filed a request for an extension of time in which to obtain new counsel. (Doc. No. 64.) The Court granted plaintiff's request, set a new deadline of November 23, 2020 for plaintiff to obtain counsel, and warned that "[t]he failure of the plaintiff to appear through an attorney will result in a recommendation that the action be dismissed." (Doc. No. 65.)

3

On October 13, 2020, defendant filed a reply in support of the pending motion, acknowledging that the Court had given plaintiff additional time to retain counsel but nevertheless arguing that involuntary dismissal and imposition of sanctions remained appropriate in light of plaintiff's repeated failures to obey Court orders. (Doc. No. 68.)

On October 23, 2020, plaintiff filed a response to the pending motion, in which Mr. Pravin (Paul) Desai, the Manager/Owner and agent of RP Golden, appeared to contend that he can represent "himself" pro se, on behalf of RP Golden, and that in any event he was continuing to try to obtain counsel for RP Golden and would do so by the November 23, 2020 deadline. (Doc. No. 69 at 2, 4.) However, that deadline passed without the filing of a notice of appearance by new counsel on behalf of plaintiff. Thus, on November 25, 2020, defendant filed a supplemental reply in support of its pending motion, arguing that "[i]n short, RP Golden has been afforded with a generous amount of time to obtain a new attorney, but has not done so" and "[a]dditional time is unwarranted." (Doc. No. 70.)

On November 30, 2020, plaintiff filed a second motion for an extension of time in which to obtain counsel and a request for the Court to appoint counsel to represent plaintiff. (Doc. No. 71.) On December 3, 2020, the Court denied plaintiff's request for the appointment of counsel but granted plaintiff a further extension of time in which to obtain counsel, setting a deadline of December 18, 2020 and again warning that plaintiff's failure to appear in this action through an attorney will result in a recommendation by the magistrate judge that this action be dismissed. (Doc. No. 72.)

Because plaintiff failed to obtain counsel by that deadline, on December 21, 2020, the Court issued an order to plaintiff to show cause why this action should not be dismissed due to its failure to comply with the Court's orders. (Doc. No. 73.) On January 8, 2021, plaintiff filed a response to the Court's order in which Mr. Desai explained that his search for an attorney to represent RP Golden is on-going, and to demonstrate his efforts in this regard, he provided copies of his correspondences with various lawyers whom he had contacted to represent RP Golden in this litigation. (Doc. No. 75.) Therein, plaintiff also requested a third extension of time in which to obtain counsel. (Id.) In light of plaintiff's "diligent attempt to retain counsel," the Court discharged the order to show cause and set a new deadline of March 1, 2021 for plaintiff to obtain counsel. (Doc. No. 76.)

On February 11, 2021, plaintiff filed a fourth request for an extension of time in which to

4

obtain counsel, this time based upon a medical emergency and hospitalization of Mr. Desai. (Doc. No. 77.) On February 17, 2021, the Court granted plaintiff's request and set a deadline of April 19, 2021, warning that "[t]he Court will not again extend this deadline." (Doc. No. 78 at 2.)

Despite this warning, on February 19, 2021, plaintiff filed yet another (fifth) request for an extension of time to obtain counsel, explaining that many attorneys had declined to represent RP Golden at that time due to the COVID-19 pandemic and requesting that the Court appoint counsel for plaintiff in this action. (Doc. No. 79.) On April 5, 2021, the Court denied plaintiff's request for the appointment of counsel but granted plaintiff's request for a further extension of time, setting a deadline of April 30, 2021 for plaintiff to obtain counsel. (Doc. No. 80.)

In short, in the more than six months that defendant's motion has been pending, plaintiff requested and received several extensions of time in which to obtain new counsel. Finally, on April 13, 2021, attorney Ryan C. Wright filed a notice of appearance as counsel of record for RP Golden in this action. (Doc. No. 83.)

**II.      Sanctions**

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). The Court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Thus, the Ninth Circuit explained Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 857, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Sanctions under Rule 37(d) may include a range of evidentiary, case dispositive, and contempt sanctions, as listed under Rule 37(b)(2)(A). Fed. R. Civ. P. 37(d)(3). Instead of or in addition to these sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . ." *Id*. However, such sanctions are not permitted where the failure was "substantially justified" or "other circumstances

5

make an award of expenses unjust." *Id*.

Plaintiff requests an award of monetary sanctions based on the attorneys' fees and costs defendant was forced to incur in preparing for six depositions, each of which RP Golden's managing agents failed to attend, as well as fees and costs incurred in moving to compel such depositions. (Doc. No. 58 at 2.) Defendant also requests that the Court issue other sanctions including that all RP Golden-related witnesses, including, but not limited to, Asha Desai and Paul Desai and any of their officers, directors, managers, investors, agents or employees, should be barred from testifying at trial; and that the jury should be informed of the willful non-appearance of RP Golden's managing agents, Asha Desai and Paul Desai, at deposition and instructed to draw an inference that the testimony of these individuals would have been harmful to RP Golden's case. (Id. at 3.) The Court finds that, based on the repeated failure and refusal of RP Golden's managing agents (Paul and Asha Desai) to appear for their properly noticed depositions, they should be barred from testifying at trial. *See Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 648 ("The most common utilization of inherent powers is a contempt sanction levied to 'protect the due and orderly administration of justice' and 'maintain' the authority and dignity of the court.") However, the Court will not bar "all RP Golden-related witnesses" from testifying at trial, as requested by the defendant, as Paul and Asha Desai are the individuals that have failed to comply with the Court's orders and failed to appear at the noticed depositions. The Court also will not require that the jury be informed or instructed regarding the non-appearance of Asha and Paul Desai at depositions.

Additionally, the Court has determined that monetary sanctions are appropriate based on Asha and Paul Desai's conduct in not attending the scheduled depositions. Accordingly, the only issue remaining is the amount of sanctions to be imposed against the plaintiff. In determining the amount of monetary sanctions, the court must be guided by a standard of reasonableness. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). The Ninth Circuit explained that recovery should not exceed "those expenses and fees that were reasonably necessary to resist the offending action." *In re Yagman*, 796 F.2d 1165, 1185, *amended by* 803 F.2d 1085 (9th Cir. 1986).

///

## III. Discussion and Analysis

The Ninth Circuit utilizes a "lodestar" method to compute reasonable attorneys' fees, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). Adjustments from the lodestar are proper only in "rare" and "exceptional" cases and must be supported by specific evidence in the record. *Jordan*, 815 F.2d at 1262.

The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.' " *Id.* (citation omitted). To determine the lodestar, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir.1975).

### A. Time expended by counsel

Defendant included a declaration by Brett Safford in support of the instant motion for terminating and/or monetary sanctions. (Doc. No. 60.) Mr. Safford asserts that he has reviewed the billing records from this matter and confirmed that the defendant incurred fees and costs totaling in excess of $18,765 for hours of incurred and anticipated attorney time and $3,000 in costs, as follows:

| *AMOUNT* | *DESCRIPTION* | *TIME* |
|---|---|---|
| $3,375.00 | Preparing for the deposition of Asha Desai (including time spent to prepare for her initially-set deposition on August 11, 2020, as well as her re-set deposition on September 9, 2020) | 12.5 hours |
| $5,287.50 | Preparing for the deposition of Paul Desai (including time spent to prepare for his initially-set depositions on August 19 and 25, 2020, as well as his re-set depositions on September 11 and 12, 2020) | 18.3 hours |

| $1,215.00 | Appearing for each of the six depositions of Asha and Paul Desai, for which they failed to appear | 4.5 hours |
|---|---|---|
| $2,790.00 | Researching and drafting the motion to compel the depositions of Asha and Paul Desai and all supporting documents, including the notice of motion and declaration of Brett Safford with exhibits, and proposed order | 8 hours |
| $4,620.00 | Researching and drafting the instant motion for terminating and monetary sanctions and all supporting documents, including the notice of motion and declaration of Brett Safford with exhibits, and proposed order | 14 hours |
| $1,477.50 | Counsel's anticipated time to review any opposition by plaintiff and prepare a reply brief | 4.5 hours (anticipated) |
| $3,000.00 | Defendant has incurred "in excess of $3,000.00 in costs," including court reporter and videographer fees and the cost for all affidavits of non-appearance | |

(Safford Decl. ¶ 14). Accordingly, defendant's counsel seeks attorney fees and costs for a total of 61.8 hours and in the amount of $21,765.00 in conjunction with the motion for sanctions. The hours and explanations provided by counsel are limited to what is stated above, as provided in the declaration submitted by counsel. The Court finds that the details and explanations provided are lacking.

First, there is no showing which attorney did what. Second, there is no way to determine whether there were duplicative efforts made, because the declaration fails to specific billing detail. Finally, except on a very basic level, the Court cannot determine whether the actions taken were unnecessary.

In any event, the Court finds that expending 12.5 hours and 18.3 hours preparing for the depositions of Asha Desai and Paul Desai, respectively, is excessive. The attorney fails to explain why the amount of time incurred was needed.[2] Also, because the re-noticed dates were just a month later for each of the depositions, it is unlikely that counsel needed to completely start over in the preparations. Regarding the deposition for Mr. Desai, the time is excessive for the additional deposition as the PMK, especially considering that it is unlikely Mr. Desai has anything to say that is different from what the entity would say. In any event, the evidence presented fails to support a

---

[2] The declaration fails to detail whether the deposition preparation is fully separable from general preparation of the case. Because the moving party bears the burden of demonstrating the fees to be awarded, the Court declines to assume that none of this work assisted the defense in understanding and formulating the defense.

8

conclusion to the contrary. Thus, the Court will adjust the hours for preparing for the depositions of Asha Desai and Paul Desai by half, to 6.25 hours and 9.15 hours, respectively.

The Court also finds the 4.5 hours to appear at depositions to be problematic. Each deposition was terminated after no more than 20 minutes due to the deponents' non-appearance, and the declaration fails to account for the additional time. Even for six depositions, this would amount to less than 2 hours, and counsel has not explained why he should get an extra 2.5 hours. The Court adjusts this to a total of 2 hours for appearance at the depositions.

The Court finds that expending 8 hours researching and drafting the motion to compel was reasonable. Rule 37(d)(3) provides that " the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *See also* Fed. R. Civ. P. 37(a)(5)(A) (providing that if a motion to compel is granted, unless certain exceptions are present, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). Accordingly, as this Court granted the motion to compel (Doc. No. 57), the Court finds such attorneys fees to be reasonable. *See*, *e.g.*, *Cheng v. AIM Sports, Inc.*, No. CV 10-3814 PSG (PLAx), 2011 U.S. Dist. LEXIS 165600 (C.D. Cal. Aug. 23, 2011) (awarding sanctions in an amount representing plaintiffs' costs and attorneys' fees associated with the motion for sanctions under consideration and the plaintiffs' motion to compel production of documents that the court granted about five months prior).

The Court finds that expending 14 hours to draft the instant motion for terminating and monetary sanctions is excessive given the bulk of the motion addressed the request for dismissal, which was denied. (See Doc. Nos. 59, 84.) In any event, 14 hours to prepare a 14-page memorandum is excessive, especially considering that the motion is straightforward and presents no novel issues. The Court recognizes that preparation of the declaration and supporting documents also takes some time, however, the time expended is still excessive. Accordingly, the Court will adjust this time to 7 hours, as this reflects a more reasonable and just assessment given the circumstances of this motion.

*See*, *e.g.*, *Glob. Ampersand, LLC v. Crown Eng'g & Constr.*, 261 F.R.D. 495, 502 (E.D. Cal. 2009).

The attorney failed to provide any evidence related to the anticipated time spent reviewing any opposition and drafting the reply briefs. The Court declines to speculate as to the actual time spent by counsel in preparing the reply briefs. Accordingly, the Court will not include the 4.5 hours of anticipated time asserted in the motion.

Regarding the claim for incurred costs, the attorney fails to provide any explanation for the claim that it costs "in excess of $3,000.00" for the court reporter and videographer fees and the affidavits of non-appearance. Such a cost should be an amount certain, and at the very least, counsel should provide a basis for the estimate. Counsel should have provided copies of the bills if he was not intending to provide more detail. Without any explanation for the estimate or providing the actual bills for the costs, the Court will reduce the costs by half, to a total of $1,500.00.

### B. Hourly rates requested

Mr. Safford asserts in his declaration that partners Susan Sullivan's and Alison Beanum's rate for this matter is $375.00 per hour, and his associate rate is $270.00 per hour. (Doc. No. 60 at 5, n.1.) However, Mr. Safford fails to provide information regarding the attorneys' level of experience. Based on information provided on the State Bar of California's website, Susan Sullivan has been practicing since 1991, and Alison Beanum has been practicing since 2002.

Attorney's fees are "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d, 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). When determining a reasonable rate, "the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986).

These hourly rates are comparable to those awarded in the Fresno Division. This Court previously reviewed the billing rates for the Fresno Division of the Eastern District and determined that for attorneys with "less than ten years of experience . . . the accepted range is between $175 and

$300 per hour." *Silvester v. Harris*, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 2014). In addition, "hourly rates generally accepted in the Fresno Division for competent experienced attorneys [are] between $250 and $380, with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience." *Id.*; *see also Roach v. Tate Publ'g & Enter.*, 2017 WL 5070264 at *9 (E.D. Cal. Nov. 3, 2017) ("attorneys with experience of twenty or more years of experience are awarded $350 to 400 per hour"). The Court's review of attorney fee awards in this District with comparable experience demonstrates the fee request for the attorneys provided is reasonable. Specifically, Susan Sullivan has been practicing for 30 years and Alison Beanum has been practicing for 19 years, such that an hourly rate of $375.00 per hour is reasonable.[3] *See*, *e.g.*, *Garcia v. FCA US LLC*, No. 1:16-CV-0730-JLT, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding $400.00 per hour to attorney with nearly thirty years of experience; $300.00 per hour to attorney with nearly fifteen years of experience; $250.00 per hour to attorney with ten years of experience; $225.00 per hour to attorneys attorney with five years of experience; and $175.00 per hour to attorney with less than five years of experience).

**IV.     Conclusion and Order**

Based upon the foregoing, the Court finds monetary sanctions in the amount of $12,011.25 are appropriate. These sanctions are imposed on plaintiff for repeated failure and refusal of RP Golden's managing agents (Paul and Asha Desai) to appear for their properly noticed depositions. Plaintiff is cautioned that continued failure to participate in the discovery process may result in terminating sanctions. *See* Fed R. Civ. P. 37(b)(2)(A)(v); *Valley Engineers, Inc. v. Electric Engin. Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998). Based upon the foregoing, the Court **ORDERS**:

1. Asha Desai and Paul Desai, in his individual capacity and "as the person most qualified" for the entity, are barred from testifying at trial;

///

---

[3] Defendant does not provide the name or years of experience for the associate that worked on this case; nevertheless, the Court finds that the associate's rate asserted ($270.00 per hour) falls within the accepted range for attorneys with less than ten years of experience. *See, e.g., Foster Poultry Farms, Inc. v. Suntrust Bank*, 2005 WL 2089813 (E.D. Cal. 2005) (concluding that $250 per hour was "an average prevailing billing rate in the Fresno area for associates out of law school less than five (5) years").

11

///

2. Monetary sanctions in the amount of **$12,011.25** are imposed against the plaintiff; and the plaintiff SHALL pay this amount to defendant's counsel within 30 days.

IT IS SO ORDERED.

Dated: __**June 19, 2021**__   _____ **/s/ Jennifer L. Thurston**
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE